UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALISSA ZWICK,**

                Plaintiff,

vs.                                        CASE NO. 2:06-CV-12639

**REGENTS OF THE UNIVERSITY**        HONORABLE MARIANNE O. BATTANI
**OF MICHIGAN,** *a constitutional body corporate;* **MARILYN LANTZ***, individually and in her official capacity;* **WILHELM A. PISKOROWSKI,** *individually and in his official capacity;* **MARK D. SNYDER,** *individually and in his official capacity;* **FRED BURGETT,** *individually and in his official capacity;* Jointly and Severally,

                Defendants.

___

| **DEBORAH L. GORDON, PLC** | **DICKINSON WRIGHT PLLC** |
|---|---|
| Deborah L. Gordon (P27058) | Timothy H. Howlett (P24030) |
| Attorneys for Plaintiff | Ryan K. Mulally (P61699) |
| 33 Bloomfield Hills Parkway, Suite 275 | Erin J. Stovel (P66291) |
| Bloomfield Hills Michigan 48304 | Attorneys for Defendants |
| Telephone 248 258 2500 | 500 Woodward Avenue, Suite 4000 |
| dgordon@deborahgordonlaw.com | Detroit Michigan 48226 |
| | Telephone 313 223 3500 |
| | thowlett@dickinsonwright.com |
| | rmulally@dickinsonwright.com |

___

## MOTION TO COMPEL DISCOVERY

Plaintiff **Alissa Zwick** by her attorneys **Deborah L. Gordon, PLC,** files this Motion to Compel Discovery and states as follows:

      1.      Plaintiff's claims arise out of her dismissal from the University of Michigan School of Dentistry, where Plaintiff was a third year student.

**2.** Plaintiff's Complaint alleges various constitutional, contract, and tort law violations. *See* **Exhibit A**, Complaint. Plaintiff's claims include that she was an unwitting pawn in efforts by the Dental School's Associate Dean for Academic Affairs (Defendant **Lantz**) to find or create grounds for terminating two dental school professors, with whom Lantz had longstanding interpersonal and/or professional conflicts. *Id*. After the professors resigned from their positions under pressure from Lantz *et al*, Plaintiff was wrongfully blamed for their departure, treated as an outcast at the school, subjected to blatant grade tampering, and had her academic file papered with bogus criticisms of her clinical performance (written by or at the direction of the named Defendants) which set her up for dismissal from the Dental School during her third year, which was apparently unprecedented. *Id.*

**3.** Plaintiff also has a pending motion for leave to amend her complaint to include an Elliott-Larsen race discrimination claim, based on recent deposition testimony that faculty at the dental school were pressured to treat minority dental students more favorably and allow them to re-take courses they had repeatedly failed, and to ultimately graduate, despite having serious academic issues.

**4.** This case was originally filed on May 12, 2006.[1]

**5.** On September 20, 2006, Plaintiff served her First Interrogatories to Defendants, seeking basic, clearly discoverable information regarding other students dismissed from the dental school. **Exhibit B**, Plaintiff's First Interrogatories to Defendants. In particular, Plaintiff requested:

---

[1] This case was originally filed on May 12, 2006 as two separate but related cases involving the same parties in Washtenaw Circuit Court and in the Court of Claims (Ingham County Circuit Court). On June 15, 2006 Defendants removed the cases to the U.S. District Court for the Eastern District of Michigan, and to the U.S. District Court for the Western District of Michigan, respectively. Pursuant to the stipulation of the parties, an order of consolidation was entered on July 17, 2006, consolidating both cases in this Court.

**Interrogatory No. 3**  For the time period 2000 to present, set forth the names of any and all students in Defendant University of Michigan's School of Dentistry who were dismissed for academic reasons during or after their third year of studies.

**Interrogatory No. 4**  With regard to Clinical Foundations I 520, set forth the names of all students in Plaintiff's class (Class of 2006) who: A. Were required to remediate the course; and B. Failed the course.

**Interrogatory No. 5**  With regard to Defendants' allegation in the "Joint Rule 26(f) Report Discovery Plan" that Plaintiff failed two attempts at the Pediatric Clinical Rotation OSCE, set forth: A. The total number of students and the percentage of students in Plaintiff's rotation who failed the first administration of the test; and B. The total number of students and the percentage of students in Plaintiff's rotation who failed the second administration of the test.

**Exhibit B.**

6. On October 17, 2006, Defendants served objections to the above three interrogatories, on the basis that they call for "private and confidential information" and are "not calculated to lead to the discovery of relevant information." *See* **Exhibit C**, Defendants' Objections to Plaintiff's First Interrogatories.

7. The data with respect to other students at UM School of Dentistry who have been dismissed for academic reasons during their third year; who were required to remediate (re-take after having failed) the Clinical Foundations I 520 course; and the data with respect to the pass rates on the Pediatric Clinical Rotation OSCE, which Defendants apparently cites as a reason for Plaintiff's dismissal, are obviously relevant and in fact crucial to Plaintiff's claims in this matter and are clearly discoverable under the court rules, including FRCP 26(b)(1) providing for discovery of any non-privileged information that is relevant, or appears reasonably calculated to lead to the discovery of admissible evidence. Given Plaintiff's claims in this case, these requests clearly comport with that court rule.

8. After receiving Defendants' objections, Plaintiff's counsel advised Defendants'

3

counsel that she would accept answers to the above interrogatories with the names of the students redacted. To date, Defendants' counsel has not been willing to provide answers, even with the names redacted, necessitating this motion.

WHEREFORE, Plaintiff requests that this Court issue an Order requiring Defendants to provide complete answers to Plaintiff's First Interrogatories, ## 3, 4, 5 within the next five (5) days, and granting to Plaintiff whatever additional relief the Court deems appropriate.

|  |  |
|---|---|
|  | DEBORAH L. GORDON, PLC |
|  | S/Deborah L. Gordon (P27058) |
|  | Dgordon@deborahgordonlaw.com |
|  | Attorneys for Plaintiff |
|  | 33 Bloomfield Hills Parkway, Suite 275 |
|  | Bloomfield Hills Michigan 48304 |
| Dated: March 26, 2007 | Telephone 248 258 2500 |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ALISSA ZWICK,**

      Plaintiff,

**vs.**           **CASE NO. 2:06-CV-12639**

**REGENTS OF THE UNIVERSITY**   **HONORABLE MARIANNE O. BATTANI**
**OF MICHIGAN,** *a constitutional body corporate;* **MARILYN LANTZ**, *individually;*
**WILHELM A. PISKOROWSKI,** *individually;*
**MARK D. SNYDER,** *individually;* and
**FRED BURGETT,** *individually;*
Jointly and Severally,

      Defendants.

---

| | |
|---|---|
| **DEBORAH L. GORDON, PLC** | **DICKINSON WRIGHT PLLC** |
| Deborah L. Gordon (P27058) | Timothy H. Howlett (P24030) |
| Attorneys for Plaintiff | Ryan K. Mulally (P61699) |
| 33 Bloomfield Hills Parkway, Suite 275 | Attorneys for Defendants |
| Bloomfield Hills Michigan 48304 | 500 Woodward Avenue, Suite 4000 |
| Telephone 248 258 2500 | Detroit Michigan 48226 |
| dgordon@deborahgordonlaw.com | Telephone 313 223 3500 |
| | thowlett@dickinsonwright.com |
| | rmulally@dickinsonwright.com |

---

# BRIEF IN SUPPORT OF
# PLAINTIFF'S MOTION TO COMPEL DISCOVERY

i

**STATEMENT OF ISSUES PRESENTED**

WHETHER IN THIS CASE INVOLVING PLAINTIFF'S WRONGFUL DISMISSAL FROM THE UofM SCHOOL OF DENTISTRY FOR 'ACADEMIC REASONS' DURING HER THIRD YEAR, SHOULD DEFENDANTS BE ORDERED TO PRODUCE CLEARLY RELEVANT, REASONABLY LIMITED AND BASIC DATA WITH RESPECT TO OTHER THIRD YEAR DENTAL STUDENTS DISMISSED FROM THE UofM SCHOOL OF DENTISTRY; DATA WITH RESPECT TO DENTAL STUDENTS WHO HAVE BEEN REQUIRED TO REMEDIATE A SPECIFIC COURSE; AND DATA WITH RESPECT TO PASS RATES IN A SPECIFIC CLINICAL ROTATION?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

FRCP 26(b)(1)

Plaintiff relies on her motion, the records and files in this cause, and the court rules, including FRCP 26 (b)(1)

|  |  |
|---|---|
|  | **DEBORAH L. GORDON, PLC** |
|  | S/Deborah L. Gordon (P27058) |
|  | Dgordon@deborahgordonlaw.com |
|  | Attorneys for Plaintiff |
|  | 33 Bloomfield Hills Parkway, Suite 275 |
|  | Bloomfield Hills Michigan 48304 |
| Dated: March 23, 2007 | Telephone 248 258 2500 |

## CERTIFICATE OF SERVICE

This is to certify that on March 26, 2007 the foregoing document was filed with the Clerk of the Court via the ECF system and a copy of said document was also sent to all attorneys of record in this matter via said ECF system.

|  |  |
|---|---|
|  | **DEBORAH L. GORDON, PLC** |
|  | S/Deborah L. Gordon (P27058) |
|  | Dgordon@deborahgordonlaw.com |
|  | Attorneys for Plaintiff |
|  | 33 Bloomfield Hills Parkway, Suite 275 |
|  | Bloomfield Hills Michigan 48304 |
| Dated: March 26, 2007 | Telephone 248 258 2500 |

1