**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ALISSA ZWICK,**

    Plaintiff,

vs.                                                                    **CASE NO. 2:06-CV-12639**

**REGENTS OF THE UNIVERSITY**                    **HONORABLE MARIANNE O. BATTANI**
**OF MICHIGAN,** *a constitutional body*
*corporate;* **MARILYN LANTZ***, individually;*
**WILHELM A. PISKOROWSKI,** *individually;*
**MARK D. SNYDER,** *individually;* and
**FRED BURGETT,** *individually;*
Jointly and Severally,

    Defendants.

---

| | |
|---|---|
| **DEBORAH L. GORDON, PLC**<br>Deborah L. Gordon (P27058)<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Parkway, Suite 275<br>Bloomfield Hills Michigan 48304<br>Telephone 248 258 2500<br>dgordon@deborahgordonlaw.com | **DICKINSON WRIGHT PLLC**<br>Timothy H. Howlett (P24030)<br>Ryan K. Mulally (P61699)<br>Attorneys for Defendants<br>500 Woodward Avenue, Suite 4000<br>Detroit Michigan 48226<br>Telephone 313 223 3500<br>thowlett@dickinsonwright.com<br>rmulally@dickinsonwright.com |

---

**PLAINTIFF'S REPLY TO DEFENDANTS' SUMMARY
JUDGMENT REPLY BRIEF**

Defendants' reply brief only highlights that summary judgment in this case would be improper, given the numerous material issues of fact that remain for a fact finder to resolve.

Defendants' reply also contain at least two glaring omissions. First, Defendants' brief is devoid of any discussion of Plaintiff's "bubble sheets" – *Defendants' own*

*subjective written evaluations of Plaintiff's clinical skills*.  Since the bubble sheets <u>flatly refute</u> Defendants' current assertions that Alissa Zwick's clinical skills were deficient or that she was somehow "unfit" to practice dentistry, Defendants simply ignore them.[1] Plaintiff's entire discussion regarding the "bubble sheets" is uncontested. *See* Plaintiff's Brief, §II.K, pp 26-27; §II.L, pp 28-30.   Second, Defendants' reply brief continues to simply ignore Plaintiff's direct evidence of retaliation and *proof* of Defendant Lantz's bad faith vis-a-vis Plaintiff -- Lantz's threat that if Alissa Zwick didn't keep quiet about the Jarda-Stoffers fiasco, she might not be "invited back" to the Dental School. *See* Plaintiff's Brief, §II.G., p 13; Exhibit 11.

With respect to Plaintiff's free speech retaliation claim, Defendants cite to *Posthumus v. Bd of Education*, 380 F.Supp. 2d 891, 901-902 (W.D. MI 2005) for the proposition that a student's speech must be of "public concern" to be constitutionally protected.  In that case, the plaintiff was a high school student who had a purely private (and incredibly trivial) complaint against a school administrator – that the administrator had confiscated his graham crackers.  The student called the administrator a "dick", was suspended, and brought a free speech claim.  While the court readily dismissed the plaintiff's free speech retaliation claim, it did so based on case law confirming that lewd, insubordinate student speech directed toward a school official is not entitled to First Amendment protection.  *Id.* at 901. Even if there *had* been a requirement that the student's speech involve a matter of public concern to be protected, there was no even

---

[1] While Defendants argue that a university is especially well suited to make <u>subjective</u> judgments about a student's prospects for success in the medical profession, Defendants nevertheless simply ignore the subjective evaluations that exist in this case – the bubble sheets, put together by Defendants' agents, which confirm Plaintiff's clinical competency!

arguable public concern presented in that case, unlike here. See Plaintiff's Brief, §III.A, pp 31-32

Defendants also make reference to an August 12, 2004 letter from Lantz to Plaintiff stating that Plaintiff had a 1.46 GPA for the 2004 spring/summer term. Defendants' Brief, p 8. Defendants go on to suggest that because Lantz (apparently) did not try to pressure the Board to dismiss Plaintiff on that basis, at that time, this shows that Lantz could not have been seeking Plaintiff's dismissal. The reality, however, is that Lantz's statement that Plaintiff had a term GPA of 1.46 was **false**, and is simply additional evidence that Lantz was attempting to distort and sabotage Plaintiff's record. As confirmed on Alissa's transcript, the lowest term GPA Alissa ever received was a 1.87; every other term her GPA was 2.2 or higher. See Plaintiff's Exhibit 3. Moreover, Lantz's letter came on the heels of Lantz' earlier, failed attempt to have Plaintiff dismissed (over a bogus issue), which Alissa appealed and won. The fact that Lantz either did not quickly pursue, or did not *successfully* quickly pursue, another attempt to get Plaintiff dismissed at that time is probative of nothing. Finally, the evidence in this case confirms that the Dental School did not dismiss students with far worse term GPAs (including students who received a term GPA *below* 1.0; and others who repeatedly received term GPAs below 2.0). See Plaintiff's Brief, §II.E., pp 7-8.

Defendants' reply brief also simply ignores the reality that the deference normally afforded the decision-makers in academic dismissal cases is simply *inapplicable* where, as here, a plaintiff can produce evidence of bad faith. *Ku, Ewing, Alcorn*; *see* Plaintiff's Brief, § III. B, C, pp 35-40.

Defendants' motion is unwarranted, and should be denied.

3

Respectfully submitted,

**DEBORAH L. GORDON, PLC**
S/Deborah L. Gordon (P27058)
dgordon@deborahgordonlaw.com
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48th304

Dated:  October 24, 2007                        Telephone 248 258 2500

## CERTIFICATE OF SERVICE

    I hereby certify that on October 24, 2007, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH L. GORDON, PLC**
s/Deborah L. Gordon (P27058)
dgordon@deborahgordonlaw.com
Attorneys for Plaintiff