UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ALISSA ZWICK,**

    Plaintiff,

vs.                                                              CASE NO. 2:06-CV-12639

**REGENTS OF THE UNIVERSITY**                 HONORABLE MARIANNE O. BATTANI
**OF MICHIGAN,** *a constitutional body*
*corporate;* **MARILYN LANTZ***, individually;*
**WILHELM A. PISKOROWSKI,** *individually;*
**MARK D. SNYDER,** *individually;* and
**FRED BURGETT,** *individually;*
Jointly and Severally,

    Defendants.

---

| | |
|---|---|
| **DEBORAH L. GORDON, PLC** | **DICKINSON WRIGHT PLLC** |
| Deborah L. Gordon (P27058) | Timothy H. Howlett (P24030) |
| Carol A. Laughbaum (P41711) | Ryan K. Mulally (P61699) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 33 Bloomfield Hills Parkway, Suite 275 | 500 Woodward Avenue, Suite 4000 |
| Bloomfield Hills Michigan 48304 | Detroit Michigan 48226 |
| Telephone 248 258 2500 | Telephone 313 223 3500 |
| dgordon@deborahgordonlaw.com | thowlett@dickinsonwright.com |
| | rmulally@dickinsonwright.com |

---

**MOTION FOR ORDER GRANTING PLAINTIFF LEAVE TO FILE**
**SECOND AMENDED COMPLAINT TO INCLUDE PUNITIVE DAMAGES CLAIM**

    Plaintiff **Alissa Zwick** by her attorneys **Deborah L. Gordon PLC** and pursuant to FRCP 15(a) moves for an Order granting Plaintiff Leave to file her Second Amended Complaint and states as follows:

    **1.**    This case arises out of Plaintiff's dismissal from the University of Michigan School of Dentistry in her third year.

2.     This case was originally filed on May 12, 2006 as two separate but related cases involving the same parties in Washtenaw Circuit Court and in the Court of Claims (Ingham County Circuit Court). On June 15, 2006, Defendants removed the cases to the U.S. District Court for the Eastern District of Michigan, and to the U.S. District Court for the Western District of Michigan, respectively. Pursuant to the stipulation of the parties, an order of consolidation was entered on July 17, 2006, consolidating both cases in this Court.

**2.**     Plaintiff's initial complaints, filed in state court, alleged violations of Plaintiff's constitutional rights under the First and Fourteenth Amendments to the United States Constitution pursuant to 42 USC §1983, deprivation of Plaintiff's rights to freedom of speech and due process under the Michigan Constitution, and breach of contract, defamation, tortious interference, and intentional infliction of emotional distress based on Michigan common law.

**3.**     In her state court complaints, Plaintiff claimed exemplary damages under Michigan law, but did not include a claim for punitive damages .

**4.**     Subsequently, Defendants removed both cases to federal court.

**5.**      By Opinion and Order dated April 28, 2008, this Court determined that Plaintiff's due process claims under the U.S. and Michigan Constitution (Counts II and V of consolidated Complaint) survived summary judgment. **Exhibit A**, *Opinion Granting in Part and Denying in Part Defendants' Motion for Summary Judgment*.

**6.**      In that Opinion and Order, the Court also acknowledged the evidence of bad faith that exists in this case. *Id.* at p 12 of 23. ("*Plaintiff has presented facts and testimony that could establish bias (if not animus) on the part of Defendant Lantz. Plaintiff has further provided evidence of Defendant Lantz's prominent role in Plaintiff's dismissal....*"

**5.**     The evidence of bad faith in this case could support an award of punitive damages

2

with respect to Plaintiff's federal constitutional claim. *See Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640 (1983) (*punitive damages for deprivation of civil rights may be awarded when the defendant willfully and intentionally violates another's civil rights or when the defendant acts with reckless or callous indifference to the federally protected rights of others*). Damages for deprivation of a federal right are governed by federal standards, and punitive damages may be awarded under 42 USC §1983 even when they would not normally be recoverable under the local law in the state where the violation occurred. *Id., Gordon v. Norman,* 788 Fed2d 1194, 1199-2000 (6th Cir. 1986), *cited in Janda v. City of Detroit*, 175 Mich App 120, 437 NW2d 326 (1989).

    **6.**    Plaintiff therefore seeks to amend her Complaint to include punitive damages in her claim for damages.

    **7.**    Pursuant to FRCP 15(a), leave to amend shall be freely given when justice so requires.

    **8.**    At the conclusion of the proofs at trial, the Court can make a determination as to whether sufficient evidence of supporting a punitive damages claim has been presented.

    **9.**    No prejudice will result to Defendants by this amendment; however, Plaintiff would be seriously prejudiced if leave to amend her damages claim was denied.

    **10.**    Attached is Plaintiff's proposed Second Amended Complaint. **Exhibit B, proposed Second Amended Complaint.**

    **11.**    Concurrence in this motion was sought by Plaintiff's counsel but no concurrence has been forthcoming, necessitating this motion.

**WHEREFORE,** Plaintiff requests an Order granting Plaintiff leave to file her First Amended Complaint, **Exhibit B,** attached.

                                      **DEBORAH L. GORDON, PLC**
                                      **S/Deborah L. Gordon (P27058)**
                                      **Carol A. Laughbaum (P41711)**
                                      Attorneys for Plaintiff
                                      33 Bloomfield Hills Parkway, Suite 275
                                      Bloomfield Hills Michigan 48304
Dated: June 27, 2008                     Telephone 248 258 2500
                                      dgordon@deborahgordonlaw.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**ALISSA ZWICK,**

       Plaintiff,

vs.                                   CASE NO. 2:06-CV-12639

**REGENTS OF THE UNIVERSITY**       HONORABLE MARIANNE O. BATTANI
**OF MICHIGAN,** *a constitutional body corporate;* **MARILYN LANTZ***, individually;*
**WILHELM A. PISKOROWSKI,** *individually;*
**MARK D. SNYDER,** *individually;* and
**FRED BURGETT,** *individually;*
Jointly and Severally,

       Defendants.

| | |
|---|---|
| **DEBORAH L. GORDON, PLC** | **DICKINSON WRIGHT PLLC** |
| Deborah L. Gordon (P27058) | Timothy H. Howlett (P24030) |
| Carol A. Laughbaum (P41711) | Ryan K. Mulally (P61699) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 33 Bloomfield Hills Parkway, Suite 275 | 500 Woodward Avenue, Suite 4000 |
| Bloomfield Hills Michigan 48304 | Detroit Michigan 48226 |
| Telephone 248 258 2500 | Telephone 313 223 3500 |
| dgordon@deborahgordonlaw.com | thowlett@dickinsonwright.com |
| | rmulally@dickinsonwright.com |

**BRIEF IN SUPPORT OF
MOTION FOR ORDER GRANTING PLAINTIFF LEAVE TO FILE
<u>SECOND AMENDED COMPLAINT TO INCLUDE PUNITIVE DAMAGES CLAIM</u>**

**STATEMENT OF ISSUE PRESENTED**

**Whether in this case, in which Plaintiff alleges she was wrongfully dismissed from the University of Michigan's School of Dentistry during her third year as a student, Plaintiff should be allowed to amend her complaint to include a request for punitive damages, given the trial court's finding that Plaintiff presented evidence that the dismissal decision was made in bad faith, which could warrant an award of punitive damages under the law?**

i

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

FRCP 15 (a)

## BRIEF

Plaintiff relies on the facts set forth in her Motion, and FRCP 15 (a), which provide that leave to amend a pleading should be "freely given when justice so requires"; and applicable case law. *See Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (absent bad faith, dilatory motive, or repeated failures to cure, the only circumstances justifying denying leave to amend are undue prejudice to the opposing party, or futility); *see also Moore v. Paducah*, 790 F.2d 557 (6th Cir. 1986)(to deny leave to amend requires a 'significant showing' of prejudice to the party opposing the motion.)

**WHEREFORE,** Plaintiff requests an Order granting Plaintiff leave to file her Second Amended Complaint, Exhibit B attached.

>  DEBORAH L. GORDON, PLC
>  s/Deborah L. Gordon (P27058)
>  Carol A. Laughbaum (P41711)
>  Attorneys for Plaintiff
>  33 Bloomfield Hills Parkway, Suite 275
>  Bloomfield Hills Michigan 48304
>  Telephone 248 258 2500

Dated: June 27, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2008, I filed the foregoing document with the Clerk of the Court via the ECF system and a copy of said document was sent via the ECF system to all attorneys of record in this matter.

>  **DEBORAH L. GORDON, PLC**
>  S/Deborah L. Gordon (P27058)
>  Attorneys for Plaintiff
>  33 Bloomfield Hills Parkway, Suite 275
>  Bloomfield Hills Michigan 48304
>  Telephone 248 258 2500
>  dgordon@deborahgordonlaw.com