# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**ALISSA ZWICK,**

Plaintiff,

vs.                                                             **CASE NO. 2:06-CV-12639**

**REGENTS OF THE UNIVERSITY**              **HONORABLE MARIANNE O. BATTANI**
**OF MICHIGAN,** *a constitutional body*
*corporate;* **MARILYN LANTZ**, *individually*
*and in her official capacity;* **WILHELM A.**
**PISKOROWSKI,** *individually and in his*
*official capacity;* **MARK D. SNYDER,**
*individually and in his official capacity;*
**FRED BURGETT,** *individually and in his*
*official capacity;* Jointly and Severally,

Defendants.

_____

**DEBORAH L. GORDON, PLC**              **DICKINSON WRIGHT PLLC**
Deborah L. Gordon (P27058)               Timothy H. Howlett (P24030)
Carol A. Laughbaum (P41711)              Kathryn S. Wood (P55012)
Attorneys for Plaintiff                          Erin J. Stovel (P66291)
33 Bloomfield Hills Parkway, Suite 275    Attorneys for Defendants
Bloomfield Hills Michigan 48304          500 Woodward Avenue, Suite 4000
Telephone 248 258 2500                    Detroit Michigan 48226
dgordon@deborahgordonlaw.com             Telephone 313 223 3500
                                                thowlett@dickinsonwright.com
                                                rmulally@dickinsonwright.com

_____

### SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff **Alissa Zwick**, by her attorneys **Deborah L. Gordon PLC** and for her Second

Amended Complaint, complains against Defendant **Regents of the University of Michigan,** and

Defendants **Marilyn Lantz, Wilhelm A. Piskorowski, Mark D. Snyder,** and **Fred Burgett** in

their individual and official capacities as follows:

*Jurisdiction and Parties*

1.      This is an action  under 42 USC §1983 for deprivation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, for deprivation of Plaintiff's rights to freedom of speech, due process, and equal protection under the Michigan Constitution, for breach of contract, defamation, tortious interference, and intentional infliction of emotional distress based on Michigan common law, and for discrimination under the Elliott-Larsen Civil Rights Act, MCL §37.2101 *et seq.*

2.      Defendant **Regents of the University of Michigan** (hereafter "**Defendant University of Michigan**") is a constitutional body corporate operating within Washtenaw County, Michigan, within the Eastern District of Michigan.

3.      Plaintiff **Alissa Zwick** (hereafter "Plaintiff **Zwick**") is a resident of Michigan, which is within the Eastern District of Michigan.

4.      Defendant **Marilyn Lantz** (hereafter "Defendant **Lantz**") is Associate Dean for Academic Affairs at Defendant **University of Michigan's** School of Dentistry and is a resident of Michigan, which is within the Eastern District of Michigan.

5.      Defendant  **Wilhelm A. Piskorowski** (hereafter "Defendant **Piskorowski**") is a Professor of Dentistry at Defendant **University of Michigan's** School of Dentistry and is a resident of Michigan, which is within the Eastern District of Michigan.

6.      Defendant **Mark D. Snyder** (hereafter "Defendant **Snyder**")  is a Professor of Dentistry at Defendant **University of Michigan's** School of Dentistry and is a resident of Michigan, which is within the Eastern District of Michigan.

7.      Defendant **Fred Burgett** (hereafter "Defendant **Burgett**") is a Professor of Dentistry at Defendant **University of Michigan's** School of Dentistry and is a resident of Michigan, which

is within the Eastern District of Michigan.

8.      The events giving rise to this cause of action occurred in Washtenaw County Michigan which is within the Eastern District of Michigan.

9.      This case was originally filed on May 12, 2006 as two separate but related cases involving the same parties in Washtenaw Circuit Court and in the Court of Claims (Ingham County Circuit Court).  On June 15, 2006, Defendants removed each case to this Court, the U.S. District Court for the Eastern District of Michigan, Southern Division, and to the U.S. Court for the Western District of Michigan, Southern Division, respectively, pursuant to 29 U.S.C. §1441 (federal question jurisdiction) and 28 U.S.C. §1367 (supplemental jurisdiction of state law claims).  Pursuant to the stipulation of Plaintiff and Defendants, an Order of consolidation was entered on July 17, 2006, consolidating both cases in this Court, the U.S. District Court for the Eastern District of Michigan, Southern Division.

### *Background Facts*

10.      Plaintiff was a student at Defendant **University of Michigan's** School of Dentistry from August, 2002 until her dismissal on or about June 22, 2005.

11.      Plaintiff came to Defendant **University of Michigan's** School of Dentistry with an excellent record of academic achievement throughout her educational career.

12.      Plaintiff successfully completed her first year of dental school studies during the 2002-2003 school year.

13.      During her second year of dental school, Plaintiff was a student in a clinical foundations course taught by Professors Ken Stoffers and Merle Jaarda.  Stoffers and Jaarda were co-directors of two clinical foundations courses for second year students.

14.      Defendant **Lantz**, Associate Dean for Academic Affairs, had a longstanding

3

interpersonal and/or professional conflict with Professors Stoffers and Jaarda stemming from disagreements between the two professors and the administration of Defendant University of Michigan's School of Dentistry.

15.     During this time period, Plaintiff became an unwitting pawn in efforts by Defendant **Lantz** to find or create grounds for terminating Stoffers and Jaarda from their positions.

16.     Plaintiff  had been diagnosed with Attention Deficit Disorder ("ADD") in November, 2003.

17.     Following the diagnosis, an office of Defendant **University of Michigan** recommended that Plaintiff be permitted to take her practical examinations in a room separate from other students, where she would be free from noise and distractions.

18.     Stoffers and Jaarda questioned the wisdom of the aforementioned accommodation.

19.     Defendant **Lantz** used Stoffers's and Jaarda's resistance to Plaintiff's need for an accommodation against them as part of her effort to force them out of their positions with Defendant **University of Michigan**.  Defendant **Lantz's** real motives for wanting them gone, however, were separate from and pre-dated the situation with Plaintiff.

20.     In February, 2003, under pressure from Defendant **Lantz,** Stoffers and Jaarda resigned from their positions as directors of the clinical foundations courses at Defendant **University of Michigan** School of Dentistry.

21.     Stoffers' and Jaarda's resignations created a controversy among the faculty and student body at Defendant **University of Michigan's** School of Dentistry, many of whom believed that they had been treated unfairly.

22.     In order to avoid the political fall-out from an unpopular decision, Defendant **Lantz** and the administration of the dental school encouraged dental school faculty and students to

4

(wrongly) believe that Plaintiff was to blame for Stoffers's and Jaarda's resignations.

23.    Plaintiff, in an effort to clear her name, attempted to arrange a meeting with her classmates to explain that she was not the cause of the forced resignations.  When Defendant **Lantz** learned of Plaintiff's intentions, she forbade Plaintiff from speaking at the meeting.

24.    Defendant **Lantz** also forbade Plaintiff from communicating with Stoffers and Jaarda.

25.    Within a few days of the resignations, and in a further effort to keep Plaintiff from talking about the Stoffers-Jaarda situation,  Defendant **Lantz** advised Plaintiff to take a week off school, suggesting that she get a  pedicure and a "home cooked meal."

26.    During this time period, Defendant **Lantz** had a phone conversation with Plaintiff's father during which she suggested to him that if Plaintiff spoke with anybody about the Stoffers-Jaarda matter, she might be "uninvited back," in reference to her continuing with the dental school.

27.    Defendant Lantz subsequently made reference to the aforementioned warning she had given to Plaintiff's father in a conversation with Plaintiff.

28.    Plaintiff did not take Defendant **Lantz's** advice to take a week off from school.

29.    Despite Defendant **Lantz's** warning, Plaintiff discussed with her classmates the fact that she was not responsible for the resignations of the two professors.

30.    Because Defendant **Lantz** and the dental school administration continued  to perpetuate the myth the Plaintiff had caused the professors' resignations, Plaintiff was treated with hostility and shunned by classmates and faculty.

31.    From the time of the professors' resignations, the administration and faculty of Defendant **University of Michigan's** School of Dentistry targeted Plaintiff for less favorable treatment than similarly situated classmates.

**32.**     In mid-April, 2004, Plaintiff received passing grades from her Clinical Foundations II professor for a practical exam she had taken at that time.

**33.**     Plaintiff's grades for the various sections of the Clinical Foundations II test were later altered - to zeros - and she consequently failed the class.

**34.**     Plaintiff successfully remediated the Clinical Foundations II class during the summer of 2004.

**35.**     During her third year of dental school, Plaintiff again became the victim of grade tampering. In October, 2004, Plaintiff took an oral examination in Pediatrics after which she received very positive feedback from the professor administering the test and was confident that she had performed not just adequately, but very well.

**36.**     Later, Plaintiff was stunned to learn that she had received a failing grade on the oral examination.

**37.**     When Plaintiff requested the notes taken by the professors during the aforementioned oral examination, she was advised by Defendant **University of Michigan's** Dental School that they had been "lost".

**38.**     During Plaintiff's third year of dental school, if not earlier, the administration at Defendant **University of Michigan's** School of Dentistry, including Defendant **Lantz**, and/or faculty members under the direction of the administration, including Defendant **Lantz**, solicited and gathered letters and statements from  professors and others which would denigrate her performance in clinic and "justify" her dismissal.

**39.**     The aforementioned letters and statements were solicited from certain professors who were willing to provide negative assessments, and only letters which gave negative assessments of Plaintiff's clinic work were included in her academic file.

6

40.     The aforementioned negative assessments were not only an unfair and inaccurate portrayal of Plaintiff's performance but also part of a retaliatory effort instigated by Defendant **Lantz.** These negative assessments stand in stark contrast to the daily clinical evaluation sheets which demonstrate that Plaintiff's performance was more than adequate and that she was not having difficulty with the clinical functions she was required to perform.

41.     On or around May 19, 2005, Defendant **Burgett** submitted a letter to Defendant **Lantz** which  became part of Plaintiff's academic file and was used to justify her dismissal from Defendant **University of Michigan's** School of Dentistry.  The letter contained scathing criticisms of her performance in the dental school's clinic which Defendant **Burgett** knew were untrue.

42.     On or around May 23, 2005, Defendant **Snyder** submitted a letter to Defendant **Lantz** which  became part of Plaintiff's academic file and was used to justify her dismissal from Defendant **University of Michigan's** School of Dentistry.  The letter contained scathing criticisms of her performance in the dental school's clinic which Defendant **Snyder** knew were untrue.

43.     On or around May 24, 2005, Defendant **Piskorowski**  submitted a letter to Defendant **Lantz** which became part of Plaintiff's academic file and was used to justify her dismissal from Defendant **University of Michigan's** School of Dentistry. The letter contained scathing criticisms of her performance in the dental school's clinic which Defendant **Piskorowski** knew were untrue.

44.     All three of the aforementioned letters, which were strikingly similar in wording, tone, and content, concluded that Plaintiff did not have the skills to perform competently as a dentist and was not capable of the "independent practice of dentistry."

45.     Defendant **Snyder**'s and Defendant **Piskorowski**'s letters stated or suggested that Plaintiff was emotionally unstable, based on similar statements made by Defendant **Lantz**.

7

46.     On or about June 22, 2005, Plaintiff was advised that an academic review board had recommended Plaintiff's dismissal from Defendant **University of Michigan's** School of Dentistry.

47.     Defendant **University of Michigan's** and Defendant **Lantz's** "academic" dismissal of Plaintiff--a dental student who had completed her third year of studies--was highly unusual if not unprecedented.

48.     During the internal appeals process which followed, members of Defendant **University of Michigan's** School of Dentistry's failed to make a careful, deliberate, and unbiased decision about Plaintiff's dismissal.   Instead, they rubber-stamped Defendant **Lantz's** and Defendant **University of Michigan's** bad faith decision to dismiss Plaintiff for retaliatory reasons unrelated to her academic performance.

49.     Plaintiff is Caucasian and Jewish.

50.     Defendants have treated similarly-situated students at Defendant **University of Michigan** whose academic performance was equivalent to or less satisfactory than Plaintiff's academic performance, more favorably than Plaintiff because of race.

51.     More specifically, Defendant **University of Michigan** administrators have favored non-Caucasian, non-Jewish, "minority" students by intervening to ensure that they receive passing grades in their courses, and Defendants have applied a different standard with respect to assessing academic performance and/or in making academic dismissal determinations.

### Count I
### 42 USC §1983 - First Amendment Freedom of Speech Retaliation

52.     Plaintiff repeats and realleges Paragraphs 1 through 51 set forth above with the same force and effect as though set forth in full herein.

53.     Plaintiff has a right to be free from retaliation for exercising rights protected by the

First Amendment to the U.S. Constitution, including her right to speak freely with fellow students and faculty in a public university setting about matters related to the forced resignations of two of her professors.

54.      Plaintiff's efforts to speak freely with fellow students and faculty in a public university setting about matters related to the forced resignations of two of her professors amount to an exercise of rights protected by the First Amendment to the U.S. Constitution, including Plaintiff's right to free speech.

55.      Defendants have retaliated against Plaintiff for exercising her First Amendment rights by engaging in discriminatory treatment and by dismissing her from Defendant **University of Michigan's** School of Dentistry.

56.      Defendant **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

57.      Defendant **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

58.      Defendant **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, acted out of an intent to punish Plaintiff for and to deter her from exercising her First Amendment rights.

59.      The acts of Defendant **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** as described above represent official policy of Defendant **University of Michigan** and are attributable to Defendant **University of Michigan.**

60.      At all times material hereto, Plaintiff had a clearly established right to freedom of

speech of which a reasonable public official would have known.

61. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree, time and resources, career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count II
### 42 USC § 1983 - Fourteenth Amendment Due Process

62. Plaintiff repeats and realleges Paragraphs 1 through 61 set forth above with the same force and effect as though set forth in full herein.

63. As a student at public university, Plaintiff enjoyed a constitutionally protected fundamental right and interest in continuing her dental school education.

64. As a student at a public university, Plaintiff enjoyed a constitutionally protected property interest in continuing her dental school education.

65. Plaintiff's reputation and her opportunity to pursue future employment constitute a constitutionally protected liberty interest.

66. Defendants' dismissal of Plaintiff from Defendant **University of Michigan's** School of Dentistry was arbitrary and capricious and motivated by bad faith.

67. Plaintiff was not afforded an unbiased, careful, and deliberate review process either prior to or following her dismissal from Defendant **University of Michigan's** School of Dentistry.

68. Defendants made false charges and accusations against Plaintiff which stigmatized her and severely damaged her opportunities for future employment.

69. Plaintiff was denied a meaningful opportunity to clear her name.

70. In depriving Plaintiff of her constitutionally protected rights, including her

10

fundamental right to and property interest in continuing her public university education, and her liberty interest in her reputation and opportunity to pursue future employment, Defendants' actions abridge her right to due process of law in violation of the Fourteenth Amendment to the United States Constitution.

71. Defendants **Lantz, Piskorowski**, **Snyder**, **Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

72. Defendants **Lantz, Piskorowski**, **Snyder**, **Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

73. The acts of Defendants **Lantz**, **Piskorowski**, **Snyder**, **Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** as described above represent official policy of Defendant **University of Michigan** and are attributable to Defendant **University of Michigan.**

74. At all times material hereto, Plaintiff had a clearly established right to due process of law of which a reasonable public official would have known.

75. As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

*Count III*

11

### *42 USC § 1983 - Fourteenth Amendment Equal Protection*

**76.** Plaintiff repeats and realleges Paragraphs 1 through 75 set forth above with the same force and effect as though set forth in full herein.

**77.** Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**78.** Defendants have intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment. In so doing, Defendants have denied Plaintiff fair and equal treatment under the law in violation of the Equal Protection Clause of the Fourteenth Amendment to United States Constitution.

**79.** Defendants **Lantz, Piskorowski**, **Snyder**, **Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

**80.** Defendants **Lantz**, **Piskorowski, Snyder, Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

**81.** The acts of Defendants **Lantz, Piskorowski, Snyder, Burgett** and other agents, representatives and employee of Defendant **University of Michigan** described above represent official policy of Defendant **University of Michigan** and are attributable to Defendant **University of Michigan.**

**82.** At all times material hereto, Plaintiff had a clearly established right to equal fair and equal treatment under the law of which a reasonable public official would have known.

**83.** As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and

12

damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count IV
### Michigan Constitution - Freedom of Speech

84.     Plaintiff repeats and realleges Paragraphs 1 through 83 set  forth above with the same force and effect as though set forth in full herein.

85.     Plaintiff has a right to be free from retaliation for exercising rights protected by the Michigan Constitution, including her right to speak freely with fellow students and faculty  in a public university setting about matters related to the forced resignations of two of her professors.

86.      Plaintiff's efforts to speak freely with fellow students and faculty  in a public university setting about matters related to the forced resignations of two of her professors amount to an exercise of rights protected by the Michigan Constitution, including Plaintiff's right to free speech.

87.     Defendants have retaliated against Plaintiff for exercising her constitutional rights by engaging in discriminatory treatment and by dismissing her from Defendant **University of Michigan's** School of Dentistry.

88.     Defendant  **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights under the Michigan Constitution.

89.     Defendant  **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, acted out

13

of vindictiveness and ill will towards Plaintiff.

90.     Defendant **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, acted out of an intent to punish Plaintiff for and to deter her from exercising her right to freedom of speech under the Michigan Constitution.

91.     The acts of Defendant **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** as described above represent official policy of Defendant **University of Michigan** and are attributable to Defendant **University of Michigan.**

92.     At all times material hereto, Plaintiff had a clearly established right to freedom of speech under the Michigan Constitution of which a reasonable public official would have known.

93.     As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count V
### Michigan Constitution - Due Process

94.     Plaintiff repeats and realleges Paragraphs 1 through 93 set forth above with the same force and effect as though set forth in full herein.

95.     As a student at public university, Plaintiff enjoyed a constitutionally protected fundamental right and interest, under the Michigan Constitution, in continuing her dental school education.

96.     As a student at a public university, Plaintiff enjoyed a constitutionally protected property interest, under the Michigan Constitution, in continuing her dental school education.

14

97.     Plaintiff's reputation and her opportunity to pursue future employment constitute a constitutionally protected liberty interest under the Michigan Constitution.

98.     Defendants' dismissal of Plaintiff from Defendant **University of Michigan's** School of Dentistry was arbitrary and capricious and motivated by bad faith.

99.     Plaintiff was not afforded an unbiased, careful, and deliberate review process either prior to or following her dismissal from Defendant **University of Michigan's** School of Dentistry.

100.     Defendants made false charges and accusations against Plaintiff which stigmatized her and severely damaged her opportunities for future employment.

101.     Plaintiff was denied a meaningful opportunity to clear her name.

102.     In depriving Plaintiff of her constitutionally protected rights, including her fundamental right to and property interest in continuing her public university education, and her liberty interest in her reputation and opportunity to pursue future employment, Defendants' actions abridge her right to due process of law in violation of the Michigan Constitution.

103.     Defendants **Lantz, Piskorowski**, **Snyder**, **Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

104.     Defendants **Lantz, Piskorowski**, **Snyder**, and **Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

105.     The  acts of Defendant **Lantz** and other agents, representatives, and employees of Defendant **University of Michigan** as described above represent official policy of Defendant **University of Michigan** and are attributable to Defendant **University of Michigan.**

**106.**   At all times material hereto, Plaintiff had a clearly established right to due process of law under the Michigan Constitution of which a reasonable public official would have known.

**107.**   As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### *Count VI*
### *Michigan Constitution - Equal Protection*

**108.**   Plaintiff repeats and realleges Paragraphs 1 through 107 set forth above with the same force and effect as though set forth in full herein.

**109.**   Plaintiff has a right to fair and equal treatment under the law, as guaranteed by the Michigan Constitution.

**110.**   Defendants have intentionally singled out and treated Plaintiff less favorably than other similarly situated persons, without any rational basis for that treatment. In so doing, Defendants have denied Plaintiff fair and equal treatment under the law in violation of the Michigan Constitution.

**111.**   Defendants **Lantz, Piskorowski**, **Snyder**, **Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

**112.**   Defendants **Lantz, Piskorowski, Snyder, Burgett**, and other agents, representatives, and employees of Defendant **University of Michigan** acting under color of state law and in concert with one another, acted out of vindictiveness and ill will towards Plaintiff.

16

113.    The acts of Defendants **Lantz, Piskorowski, Snyder, Burgett** and other agents, representatives and employee of Defendant **University of Michigan** described above represent official policy of Defendant **University of Michigan** and are attributable to Defendant **University of Michigan.**

114.    At all times material hereto, Plaintiff had a clearly established right to equal fair and equal treatment under the law of which a reasonable public official would have known.

115.    As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count VII
### Breach of Contract or Implied Contract

116.    Plaintiff repeats and realleges Paragraphs 1 through 115 set forth above with the same force and effect as though set forth in full herein.

117.    Plaintiff had a contract or implied contract with Defendant **University of Michigan**.

118.    Defendants' failure and refusal to abide by the terms of that contract or implied contract constituted a breach of said contract.

119.    As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count VIII

17

*Defamation*

120.    Plaintiff repeats and realleges Paragraphs 1 through 119 set forth above with the same force and effect as though set forth in full herein.

121.    Defendants **Lantz, Piskorkowski, Snyder, Burgett,** and/or other agents of Defendant **University of Michigan** reported and published to third parties that Plaintiff 's performance in the dental school's clinic was woefully inadequate, that she was incapable of the independent practice of dentistry, and that she was emotionally unstable.

122.    Defendants' aforementioned representations were false and malicious.

123.    Defendants knew that the information was false or misleading.

124.    Defendants published the remarks to third parties with knowledge of the falsity of the statements or in reckless disregard of truth or falsity.

125.    Defendants' statements were not privileged.

126.    Defendants' statements amount to gross negligence.

127.    Defendants made the false statements in order to prejudice Plaintiff in the conduct of her business or to deter others from dealing with her.

128.    Defendants' statements were defamation *per se*.

129.    Defendants' defamatory statements resulted in seriously damaging Plaintiff's reputation.

130.    As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree, time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count IX
### Tortious Interference with a Contract
### or Advantageous Business Relationship or Expectancy
### (vs. Defendants Lantz, Piskorowski, Snyder and Burgett only)

**131.**   Plaintiff repeats and realleges Paragraphs 1 through 130 set forth above with the same force and effect as though set forth in full herein.

**132.**   Plaintiff had a contract or advantageous business relationship or expectancy with Defendant **University of Michigan.**

**133.**   Defendants **Lantz, Piskorowski, Snyder,** and **Burgett** were aware of Plaintiff's contract or advantageous business relationship or expectancy with Defendant **University of Michigan.**

**134.**   Defendants **Lantz, Piskorowski, Snyder,** and **Burgett** for personal reasons and personal benefit, intentionally, improperly, and without justification interfered with Plaintiff's advantageous business relationship and expectancy with Defendant **University of Michigan.**

**135.**   Defendants **Lantz, Piskorowski, Snyder,** and **Burgett** acted with malice in interfering Plaintiff's contract, business relationship or expectancy with Defendant University of Michigan.

**136.**   As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree,  time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### Count X
### Intentional Infliction of Emotional Distress

**137.**   Plaintiff repeats and realleges Paragraphs 1 through 136 set forth above with the

19

same force and effect as though set forth in full herein.

138.    Defendants' conduct as described above was intentional.

139.    Defendants' conduct as described above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

140.    Defendants' conduct resulted in severe and serious emotional distress.

141.    As a direct and proximate result, Plaintiff has suffered irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree,  time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation

### Count XI
### Elliott-Larsen Civil Rights Act

142.    Plaintiff repeats and realleges Paragraphs 1 through 141 set  forth above with the same force and effect as though set forth in full herein.

143.    Defendant **University of Michigan** is a place of public accommodation, a public service, and an educational institution as defined in Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2301; MCL 37.2401.

144.    Defendants **Lantz**. **Piskorowski**, **Snyder**, and **Burgett** are persons as that term is defined in the Act, and agents of Defendant **University of Michigan**.

145.    Defendants violated the ELCRA by treating similarly-situated students at Defendant **University of Michigan** whose academic performance was equivalent to or less satisfactory than Plaintiff's academic performance, more favorably than Plaintiff, because of race.

146.    The actions of Defendants resulted in discriminating against an individual (Plaintiff) in the full utilization of or benefit from an educational institution (Defendant **University of**

**Michigan**) or the services, activities, or programs provided by the educational institution (Defendant **University of Michigan**) because of race.

147.    The actions of Defendants resulted in expelling and otherwise discriminating against an individual enrolled as a student (Plaintiff) in the terms, conditions, and privileges of an educational institution (Defendant **University of Michigan**) because of race.

148.    The actions of Defendants resulted in denying Plaintiff the full and equal enjoyment of the services, facilities, privilege, and advantages of a public accommodation or public service, because of race.

149.    Defendants, by their agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

150.    Defendants' actions as described above were  in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

151.    As a direct and proximate result, Plaintiff has suffered  irreparable harm, injury, and damages, including but not limited to, monetary damages, loss of her dental school education and Doctor of Dental Surgery (D.D.S.) degree,  time and resources, loss of career opportunities and earning capacity, mental and emotional distress, anxiety and mental anguish, humiliation and embarrassment; and loss of personal and professional reputation.

### *RELIEF REQUESTED*

Plaintiff demands judgment against Defendants **Regents of the University of Michigan** and Defendants **Lantz**, **Piskorowski**, **Snyder** and **Burgett**, in their individual and official capacities as follows:

### Legal Relief

1.    Compensatory damages in whatever amount she is found to be entitled;

**2.** Exemplary damages in whatever amount she is found to be entitled;

**3.** Punitive damages in whatever amount she is found to be entitled;

**4.** An award of interest, costs and reasonable attorney fees.

### Equitable Relief

**1.** An order reinstating Plaintiff to Defendant **University of Michigan's** School of Dentistry; and otherwise placing her in the position she would have been in but for Defendants' wrongdoing;

**2.** An injunction out of this Court prohibiting any further acts of wrongdoing;

**3.** An award of interest, costs and reasonable attorney fees.

**4.** Whatever other equitable relief appears appropriate at the time of final judgment.

**DEBORAH L. GORDON, PLC**
S/Deborah L. Gordon (P27058)
Carol A. Laughbaum (P41711)
Attorneys for Plaintiffs
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone 248 258 2500
dgordon@deborahgordonlaw.com

Dated:    September 8, 2008

### *DEMAND FOR TRIAL BY JURY*

Plaintiff by her attorneys **Deborah L. Gordon, PLC,** demands a trial by jury of all the issues in this cause.

**DEBORAH L. GORDON, PLC**
S/Deborah L. Gordon (P27058)
Carol A. Laughbaum (P41711)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone 248 258 2500
dgordon@deborahgordonlaw.com

Dated:  September 8, 2008

### <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing and service of said documents to all parties through their counsel of record.

**DEBORAH L. GORDON, PLC**
s/Deborah L. Gordon (P27058)
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills Michigan 48304
Telephone 248 258 2500
dgordon@deborahgordonlaw.com
