# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ALISSA ZWICK,

       Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF
MICHIGAN, MARILYN LANTZ,
WILHELM A. PISKOROWSKI,
MARK D. SNYDER, and FRED
BURGETT,

       Defendants.

Hon. Marianne O. Battani
Case No. 2:06-CV-12639

---

Deborah L. Gordon (P27058)
Deborah L. Gordon, PLC
Counsel for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com

Timothy H. Howlett (P24030)
Kathryn S. Wood (P55012)
Allyson A. Miller (P71095)
Dickinson Wright PLLC
Counsel for Defendants
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226
(313) 223-3500
thowlett@dickinsonwright.com
kwood@dickinsonwright.com
amiller@dickinsonwright.com

---

## DEFENDANTS' MOTION FOR JUDGMENT
## AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50

NOW COME Defendants Regents of the University of Michigan and Drs. Marilyn S. Lantz, Wilhelm A. Piskorowski, Mark D. Snyder, and Fredrick Burgett ("Defendants"), through their undersigned counsel, and respectfully move pursuant to Rule 50 of the Federal Rules of Civil Procedure for judgment as a matter of law on Plaintiff's claims.

In support of their Motion, Defendants rely upon the law and argument set forth in the attached Brief in Support of Defendants' Motion For Judgment As A Matter Of Law Pursuant To FED. R. CIV. P. 50, and the exhibits and testimony referenced therein.

WHEREFORE, Defendants respectfully request that the Court enter an Order granting Defendants judgment as a matter of law on Plaintiff's procedural due process claims under the United States and Michigan Constitutions.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By:____s/Allyson A. Miller_____
     Timothy H. Howlett (P24030)
     Kathryn S. Wood (P55012)
     Allyson A. Miller (P71095)
     Dickinson Wright PLLC
     Counsel for Defendants
     500 Woodward Avenue, Suite 4000
     Detroit, Michigan 48226
     (313) 223-3500
     amiller@dickinsonwright.com

Dated: November 24, 2008

1

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

ALISSA ZWICK,

      Plaintiff,

v.

REGENTS OF THE UNIVERSITY OF
MICHIGAN, MARILYN LANTZ,
WILHELM A. PISKOROWSKI,
MARK D. SNYDER, and FRED
BURGETT,

      Defendants.

Hon. Marianne O. Battani
Case No. 2:06-CV-12639

---

Deborah L. Gordon (P27058)
Deborah L. Gordon, PLC
Counsel for Plaintiff
33 Bloomfield Hills Parkway, Suite 275
Bloomfield Hills, Michigan  48304
(248) 258-2500
dgordon@deborahgordonlaw.com

Timothy H. Howlett (P24030)
Kathryn S. Wood (P55012)
Allyson A. Miller (P71095)
Dickinson Wright PLLC
Counsel for Defendants
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
thowlett@dickinsonwright.com
kwood@dickinsonwright.com
amiller@dickinsonwright.com

---

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION
## FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50

# TABLE OF CONTENTS

Page

TABLE OF PRINCIPAL AUTHORITIES ...............................................................III

I.      INTRODUCTION ...........................................................................................1

II.     ARGUMENT...................................................................................................2

       A.     Standard of Review...................................................................................2

       B.     To Establish a Violation of Her Procedural Due Process Rights, Plaintiff Must Prove by a Preponderance of the Evidence that She Was Not Made Aware of the Faculty's Dissatisfaction with Her Progress or the Decision to Dismiss Her Was Not Careful and Deliberate.................................2

              1.     Plaintiff Cannot Establish, as a Matter of Law, that She Was Not Given Sufficient Notice of the Faculty's Dissatisfaction With Her Progress Where She Acknowledges That She Received A Letter, Notifying Her that the Academic Review Board II Had Recommended Her Dismissal and Setting Forth the Reasons for the Recommendation, Before the Executive Committee Made the Final Decision to Dismiss Her from the Dental School.............................3

              2.     Plaintiff Cannot Establish, as a Matter of Law, that the Decision to Dismiss Her Was Not Carefully and Deliberately Made Where Defendants Afforded Plaintiff Hearings Before Two Unbiased Decision-making Bodies, During Which She Was Represented by Counsel, Before Making the Ultimate Decision to Dismiss Her from the Dental School. ............................................................5

       C.     To Establish Each Defendant's Liability, Plaintiff Must Prove By A Preponderance of the Evidence that the Conduct of That Defendant Deprived Plaintiff of Her Right to Procedural Due Process.................................7

              1.     Defendant Regents of the University of Michigan are entitled to judgment as a matter of law on Plaintiff's due process claims because Plaintiff cannot establish that any University official violated her procedural due process rights by implementing a University "custom or policy." ...............................................................8

              2.     Defendants Drs. Piskoworski, Snyder, and Burgett are entitled to judgment as a matter of law on Plaintiff's due process claims because Plaintiff cannot establish that writing letters documenting Plaintiff's clinical deficiencies deprived her of a careful and deliberate decision in violation of her rights to procedural due process.................................................................................................9

3. Defendant Dr. Lantz is entitled to judgment as a matter of law on Plaintiff's due process claims because Plaintiff cannot establish that Dr. Lantz's alleged bias caused Plaintiff's injury. ............................10

D. To Establish the Availability of Money Damages for a Due Process Violation, Plaintiff Must Prove that Defendants Are Subject to Suit for Money Damages Under Either § 1983 or the Michigan Constitution ...............12

1. Defendant University of Michigan is Entitled to Judgment as a Matter of Law on Plaintiff's Claims for Damages And Other Retrospective Relief for Due Process Violations of the U.S. Constitution Because a State Entity and State Officials Acting In Their Official Capacities Are Not "Persons" Subject to Suit Under § 1983..............................................................................................12

2. All Defendants are Entitled to Judgment as a Matter of Law on Plaintiff's Claims for Damages for Due Process Violations of the Michigan Constitution Because Michigan Has Not Recognized That Such a Cause of Action Exists.......................................................13

3. Furthermore, Defendants Drs. Lantz, Piskorowski, Snyder, and Burgett are Entitled To Judgment as a Matter of Law on Plaintiff's Claims for Due Process Violations of the Michigan Constitution Because No Implied Damages Remedy Exists Against Individual Government Employees.........................................................15

III. CONCLUSION.............................................................................................15

## TABLE OF PRINCIPAL AUTHORITIES

**Cases**

*Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) .................................................... 12

*Bd. of Curators of the Univ. of Missouri v. Horowitz*, 435 U.S. 78 (1978) ........................... 3, 4, 6

*Bell v. Ohio State Univ.,* 351 F.3d 240 (6th Cir. 2003) ................... 5

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) ....................................................... 9

*Davis v. Mann*, 882 F.2d 967 (5th Cir. 1989) ............................................... 4

*Deane Hill Country Club, Inc. v. City of Knoxville*, 379 F.2d 321 (6th Cir. 1967) ...................... 7

*Gazette v. City of Pontiac*, 212 Mich. App. 162; 536 N.W.2d 854 (1995) .................................... 2

*Hafer v. Melo*, 502 U.S. 21 (1991) ............................................... 8

*Ikpeazu v. Univ. of Nebraska*, 775 F.2d 250 (8th Cir. 1985) ........................................ 11

*Jeffries v. Harleston*, 52 F.3d 9 (2d Cir. 1995) ............................................. 11

*Jones v. Powell*, 462 Mich. 329, 612 N.W.2d 423 (2000) ........................................... 14, 15

*Kentucky v. Graham*, 473 U.S. 159 (1985) ........................................... 8, 12

*Ku v. State of Tenn.*, 322 F.3d 431 (6th Cir. 2003) ................................................. 2, 4

*Lewis v. State of Michigan*, 464 Mich. 781,  629 N.W.2d 868 (2001) ......................................... 14

*Marlin v. City of Detroit*, 205  Mich. App. 335, 517 N.W.2d 305 (1994) .................................... 8

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ................................................. 7, 8

*Pembaur v. Cincinnati*, 475 U.S. 469 (1986) ................................................. 9

*Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133 (2000) ............................................. 2

*Richmond v. Fowlkes*, 228 F.3d 854 (8th Cir. 2000) ................................................. 11

*Robinson v. State of Michigan and Dep't of Corrections*, No. 270781, 2006 WL 3207960 (Mich. App. Nov. 7, 2006) .......................................................... 14

*Salehpour v. Univ. of Tenn.*, 159 F.3d 199 (6th Cir. 1998) ......................................... 10

*Schluga v. City of Milwaukee*, 101 F.3d 60 (7th Cir. 1996) ......................................... 7

*Smith v. Dep't of Public Health*, 428 Mich. 540, 410 N.W.2d 749 (1987) .................... 7, 8, 13, 14

*Smith v. State of Michigan*, 256 F.Supp.2d 704 (E.D. Mich. 2003) ............................................. 13

*Taylor v. Brentwood Union Free School Dist.,* 143 F.3d 679 (2d Cir. 1998) ............................. 11

*Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) ......................................................... 12

**Statutes**

42 U.S.C. § 1983...................................................................................................................... passim

**Other Authorities**

Mich. Const., Art. 1, Sec. 17....................................................................................................... 14

**Rules**

Fed. R. Civ. P.  50...................................................................................................................... 1, 2

Fed. R. Civ. P. 50(a)...................................................................................................................... 2

I.     **INTRODUCTION**

Plaintiff Alissa Zwick brought this suit against the Regents of the University of Michigan, as a constitutional body corporate, and Drs. Marilyn S. Lantz, Wilhelm A. Piskorowski, Mark D. Snyder, and Fredrick Burgett, in both their individual and official capacities, as a result of her dismissal from the School of Dentistry.  Plaintiff claims that she was dismissed without procedural due process in violation of the United States and Michigan constitutions, and seeks damages pursuant to 42 U.S.C. § 1983 for her federal claims and the Michigan Constitution for her state claims.

Plaintiff alleges that Defendants did not afford her an unbiased, careful, and deliberate review process before dismissing her from the Dental School.  Second Amended Complaint ¶¶ 67, 99.  Specifically, Plaintiff claims that Dr. Lantz instigated a campaign to oust Plaintiff from the Dental School based on personal animus related to Dr. Lantz's failed attempt to use Plaintiff as an "unwitting pawn" in a scheme to create grounds for terminating two professors with whom she had "longstanding interpersonal and/or professional conflict." *Id*. ¶¶ 14-15, 19, 38, 48.  Plaintiff claims that members of the administration of the Dental School failed to make a careful, deliberate, and unbiased decision about her dismissal because they "rubber-stamped" Dr. Lantz's "bad faith decision to dismiss Plaintiff for retaliatory reasons unrelated to her academic performance." *Id*. ¶ 48.

This motion addresses whether, as a matter of law, Plaintiff has presented sufficient evidence to establish that (1) she was not made fully aware of the faculty's dissatisfaction with her progress, (2) the decision to dismiss her from the Dental School was not carefully and deliberately made, (3) the conduct of each Defendant violated her procedural due process rights and proximately caused her injury, and (4) she has a damages remedy against each Defendant under § 1983 and the Michigan Constitution.  Because she has not, Defendants respectfully move

1

pursuant to Rule 50 of the Federal Rules of Civil Procedure for judgment as a matter of law on Plaintiff's procedural due process claims under both the United States and Michigan constitutions.

## II.    ARGUMENT

### A.    Standard of Review

A court should render judgment as a matter of law when "a party has been fully heard on an issue . . . and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a).  The standard for granting judgment as a matter of law "mirrors" the standard for granting summary judgment. *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 150 (2000).   Accordingly, in entertaining a motion for judgment as a matter of law, the Court reviews all evidence and draws all reasonable inferences in the light most favorable to the non-moving party, without making credibility determinations or weighing the evidence. *Id*. at 150-51.

### B.    To Establish a Violation of Her Procedural Due Process Rights, Plaintiff Must Prove by a Preponderance of the Evidence that She Was Not Made Aware of the Faculty's Dissatisfaction with Her Progress or the Decision to Dismiss Her Was Not Careful and Deliberate

To comply with procedural due process,[1] "no more formal process is required for academic dismissals or suspensions than that the student is made aware of the faculty's dissatisfaction with his or her progress and the final decision was careful and deliberate." *Ku v. State of Tenn.*, 322 F.3d 431, 437 (6th Cir. 2003) (citing *Bd. of Curators of the Univ. of Missouri*

---

[1]   Plaintiff brings separate due process claims under both the United States and Michigan Constitutions.   However, "Michigan's guarantees of due process … are construed no more broadly than the federal guarantees." *See Gazette v. City of Pontiac*, 212 Mich. App. 162, 173; 536 N.W.2d 854 (1995).  To this end, the substance of Plaintiff's federal and state procedural due process claims will be addressed collectively, as the dismissal of one will necessitate dismissal of the other.

*v. Horowitz*, 435 U.S. 78, 85 (1978)).  Therefore, to establish that she was deprived of her right to procedural due process, Plaintiff must prove by a preponderance of the evidence that either she was not informed of the faculty's dissatisfaction with her progress or the decision to dismiss her from the Dental School was not carefully and deliberately made.

Viewing the evidence presented during Plaintiff's case in the light most favorable to Plaintiff, Plaintiff has not, and indeed cannot, establish that any Defendant violated her procedural due process rights, as a matter of law.

     **1.**     **Plaintiff Cannot Establish, as a Matter of Law, that She Was Not Given Sufficient Notice of the Faculty's Dissatisfaction With Her Progress Where She Acknowledges That She Received A Letter, Notifying Her that the Academic Review Board II Had Recommended Her Dismissal and Setting Forth the Reasons for the Recommendation, Before the Executive Committee Made the Final Decision to Dismiss Her from the Dental School**

The indisputable testimony and exhibits presented at trial establish that Plaintiff received constitutionally-sufficient notice of the faculty's dissatisfaction with her progress before the decision to dismiss her was final.  The evidence presented at trial reveals that Plaintiff received a June 20, 2005 letter notifying Plaintiff that she was being recommended for dismissal and setting forth the basis for the recommendation, including enclosure of the letters of Drs. Piskorowski, Snyder, Burgett, Nainar and Straffon.  (Ex. D53, June 20, 2005 Letter from Dr. Marilyn S. Lantz to Alissa Zwick).  This initial decision of the Academic Review Board II to dismiss Plaintiff was not a final decision.  Rather, it was a mere initial recommendation that the Executive Committee act to dismiss the student.  *Id.* ("[T]he Board is recommending to the Executive Committee that you be dismissed from the School of Dentistry[.]").  After this initial recommendation, Plaintiff was able to appeal to the Academic Review Board II and "meet with the appropriate Academic Review Board to discuss the problem."  (Ex. D55, School of Dentistry's Appeal Procedures).

Only thereafter did the Board make its decision and, even then, Plaintiff was able to appeal that decision to the Executive Committee. *See id.*

Importantly, the Supreme Court, the Sixth Circuit, and other Circuits have all found that nearly identical procedures afforded students more than constitutionally-sufficient notice. *See, e.g., Horowitz*, 435 U.S. at 82 ("The Coordinating Committee and the Dean approved the recommendation and notified respondent, who appealed the decision in writing to the University's Provost for Health Sciences. The Provost sustained the school's actions after reviewing the record compiled during the earlier proceedings."); *Ku*, 322 F.3d at 436-37 ("[T]he record indicates that [Ku] knew of his precarious status with the faculty and *was fully informed of the Committee's recommendation by letter*, which indicated that the Committee based its decision on Ku's failure to pass the Step 1 exam . . . and Ku's continued difficulty interacting with faculty and peers." Ku was then afforded the opportunity to be heard before the Committee, as well as the ability to appeal the Committee's final action to the Dean); *Davis v. Mann*, 882 F.2d 967, 971, 975 (5th Cir. 1989) (holding letters notifying Davis that he was being dismissed from the Dental School for academic reasons and detailing the charges and witnesses against him afforded Davis ample notice and "even more procedural protections than are required by the Fourteenth Amendment in an academic dismissal context").

Given this precedent, the June 20, 2005 letter notifying Plaintiff that she was being recommended for dismissal and setting forth the basis for the recommendation, including enclosure of the letters of Drs. Piskorowski, Snyder, Burgett, Nainar and Straffon represents constitutionally-sufficient notice to Plaintiff of the University's dissatisfaction with her academic and clinical progress, as a matter of law. After Plaintiff received this letter, it cannot be disputed that Plaintiff was fully aware of the specific concerns regarding her performance. Therefore, this

Court should find as a matter of law that Defendants satisfied the notice requirement of procedural due process.

> **2.** **Plaintiff Cannot Establish, as a Matter of Law, that the Decision to Dismiss Her Was Not Carefully and Deliberately Made Where Defendants Afforded Plaintiff Hearings Before Two Unbiased Decision-making Bodies, During Which She Was Represented by Counsel, Before Making the Ultimate Decision to Dismiss Her from the Dental School.**

In addition to the above, Defendants are entitled to judgment as a matter of law because Plaintiff has not presented any evidence on which a jury could find that the ultimate decision to dismiss her was not careful and deliberate. The "careful and deliberate" inquiry focuses on whether the decision-making *process* evidences that the decision was carefully and deliberately made. *See, e.g., Bell v. Ohio State Univ.,* 351 F.3d 240, 249 (6th Cir. 2003) (finding the decision to dismiss was careful and deliberate because "medical school committees on at least three levels reviewed her failure to comply with the requirements . . . and she was given the opportunity to participate in at least two of those committees' reviews). It is undisputed that before the Executive Committee made the final decision to dismiss Plaintiff from the Dental School, Plaintiff was permitted to appeal the Academic Review Board II's initial recommendation of her dismissal at a hearing where she was assisted by counsel and had the opportunity to present her position by testifying and submitting whatever documentary evidence she deemed fit.[2] During these proceedings, Plaintiff was able to specifically address the alleged bias of Dr. Lantz as well as the substance of the letters prepared by Drs. Piskorowski, Snyder, Burgett, Nainar and Straffon. (Ex. P139/D57, December 7, 2005 Letter from Alissa Zwick to the Academic Review

---

[2]   Plaintiff presented to the Board a written statement outlining her position that was 124 pages in length and contained fourteen separate exhibits. (Ex. P139/D57, December 7, 2005 Letter from Alissa Zwick to the Academic Review Board II (without exhibits)).

Board II (without exhibits)).   It is also undisputed that Plaintiff was permitted to appeal the Board's decision to the Executive Committee, and to once again testify and present documentary evidence to the Committee, before it made the final decision to dismiss her from the Dental School.   Like *Bell*, this decision-making process reflects that the decision to dismiss Plaintiff was carefully and deliberately made as a matter of law.

Furthermore, Plaintiff cannot establish that the ultimate decision to dismiss her was biased.[3]   Although viewing the evidence presented in the light most favorable to Plaintiff, even if it were determined that Plaintiff presented evidence from which a jury could find that Dr. Lantz was biased against Plaintiff, it is undisputed that Dr. Lantz was not a voting member of the Academic Review Board II and was not a member of the Executive Committee.   Nor did Dr. Lantz even attend the Executive Committee meeting at which the ultimate decision to dismiss Plaintiff was made.   (Ex. D58, January 11, 2006 Executive Committee Meeting Minutes). Additionally, Plaintiff has not presented any evidence that any voting members of these bodies bore any animus or bias against Plaintiff themselves, nor has she presented any evidence to support her allegation that the decision-makers "rubber-stamped" Dr. Lantz's alleged motivation to "dismiss Plaintiff for retaliatory reasons unrelated to her academic performance."   Quite to the contrary, the undisputed evidence reflects that the decision-making bodies independently evaluated Plaintiff's position regarding the propriety of her dismissal and determined that dismissal was still warranted.   Accordingly, because Plaintiff has not presented sufficient evidence from which a reasonable jury could conclude that the decision to dismiss her was not carefully and deliberately made, Defendants are entitled to judgment as a matter of law on

---

[3]   Importantly, it is the final decision of the Executive Committee that is the proper focus of the procedural due process analysis, as the United States Supreme Court has simply required that "[t]he *ultimate decision* to dismiss [the student] [be] careful and deliberate."   *Horowitz*, 435 U.S. at 84 (emphasis added).

Plaintiff's procedural due process claims.

C.   **To Establish Each Defendant's Liability, Plaintiff Must Prove By A Preponderance of the Evidence that the Conduct of That Defendant Deprived Plaintiff of Her Right to Procedural Due Process**

Even if Plaintiff presented sufficient evidence from which a jury could find a due process violation, which she did not, to establish the liability of a particular Defendant, Plaintiff must prove by a preponderance of the evidence that the named Defendant's conduct proximately caused the violation of her procedural due process rights. Each Defendant, whether an individual or an entity, may be held liable only for that Defendant's own unconstitutional conduct. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (rejecting *respondeat superior* as a basis for imposing § 1983 liability); *Schluga v. City of Milwaukee*, 101 F.3d 60, 63 (7th Cir. 1996) (holding "a state or state agency is not vicariously liable" in a § 1983 action); *Deane Hill Country Club, Inc. v. City of Knoxville*, 379 F.2d 321, 324 (6th Cir. 1967) ("Because section 1983 imposes liability only upon a person who 'subjects, or causes to be subjected' any other person to the deprivation of rights secured by the Constitution, it is, briefly stated, the *individual's* conduct which forms the basis of liability.") (emphasis added); *see also Smith v. Dep't of Public Health*, 428 Mich. 540, 544, 640, 642-44, 410 N.W.2d 749 (1987) (memorandum opinion) (J. Boyle, concurring) (holding that, assuming a "plaintiff proves an unconstitutional act by the state which is otherwise appropriate for a damage remedy," the state's liability for violations of the Michigan Constitution is limited to those cases where a state official's unconstitutional actions were taken pursuant to a state "custom or policy").

Viewing the evidence presented during Plaintiff's case in the light most favorable to Plaintiff, Plaintiff cannot establish that the actions of Defendants Regents of the University of Michigan and Drs. Piskoworski, Snyder, and Burgett violated her procedural due process rights

nor can Plaintiff establish that the actions of Defendant Dr. Lantz proximately caused her injury, as a matter of law.

> **1.    Defendant Regents of the University of Michigan are entitled to judgment as a matter of law on Plaintiff's due process claims because Plaintiff cannot establish that any University official violated her procedural due process rights by implementing a University "custom or policy."**

Defendant Regents of the University of Michigan and Drs. Lantz, Piskorowski, Snyder, and Burgett, in their *official* capacities,[4] are entitled to judgment as a matter of law on Plaintiff's due process claims because Plaintiff has presented no evidence from which a reasonable jury could find that any University official's allegedly unconstitutional actions were taken pursuant to a University "custom or policy."  As a state entity, Defendant University of Michigan is not vicariously liable under principles of *respondeat superior* for the unconstitutional acts of its officials; rather, under both § 1983 and the Michigan Constitution, the University of Michigan is only liable if the violation of Plaintiff's procedural due process rights is attributable to enforcement of a University "custom or policy."  *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Monell*, 436 U.S. at 694; *Smith v. Dep't of Public Health*, 428 Mich. at 544, 640, 642-44 (J. Boyle, concurring); *Marlin v. City of Detroit*, 205  Mich. App. 335, 517 N.W.2d 305 (1994).  Although Plaintiff alleges that "[t]he acts of Defendant [Dr.] Lantz and other agents, representatives, and employees of Defendant University of Michigan as described above represent official policy of Defendant University of Michigan," *see* Complaint ¶ ¶ 73, 105, Plaintiff presented no evidence from which a reasonable jury could conclude that the University of Michigan has an official

---

[4]    Because "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity," *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), entering judgment as a matter of law on Plaintiff's claims against the individual state officials acting in their *official* capacities is simply another way of entering judgment as a matter of law on Plaintiff's claims against the University.

custom or policy of making biased academic dismissal decisions or "rubber-stamping" bad-faith motivations of non-decision-makers.[5]  To the contrary, the record reveals that the University of Michigan has a policy which protects students from bias by allowing them to challenge the grounds for the initial dismissal recommendation and by designating an independent body to review the final decision.  (Ex. D55, School of Dentistry's Appeal Procedures).  Plaintiff also has not presented evidence that any of the named Defendants' allegedly unconstitutional actions were taken pursuant to such University custom or policy or that such custom or policy was the "moving force" of any procedural due process violation.  Therefore, because Plaintiff cannot establish that the University of Michigan has a policy of making or "rubber-stamping" biased academic dismissal decisions or that the deprivation of her procedural due process rights is attributable to any University official's implementation of such policy, Defendant University of Michigan is entitled to judgment as a matter of law on Plaintiff's procedural due process claims.

> **2.** **Defendants Drs. Piskoworski, Snyder, and Burgett are entitled to judgment as a matter of law on Plaintiff's due process claims because Plaintiff cannot establish that writing letters documenting Plaintiff's clinical deficiencies deprived her of a careful and deliberate decision in violation of her rights to procedural due process.**

Moreover, Plaintiff cannot establish that the actions of Defendants Drs. Piskoworski, Snyder, and Burgett violated her procedural due process rights.  Under § 1983, individual liability for a constitutional violation "must be based upon active unconstitutional behavior."

---

[5]   Importantly, although a single decision by a University official with final policy-making authority may subject the University to liability, *see Pembaur v. Cincinnati*, 475 U.S. 469, 481 (1986) and *City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988), Plaintiff has presented no evidence to support a finding that Defendant Dr. Lantz was a final-policymaker with regard to the academic review process (in fact, the evidence reveals that she was not even a voting member of either the Academic Review Board II or the Executive Committee, the bodies responsible for *implementing*—not making—the University's policy in the academic review process) or that any final-policymakers "rubber-stamped" any alleged biased motivation for the decision to dismiss Plaintiff from the Dental School.

9

*Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998).  It is undisputed that besides drafting letters expressing their concerns that Plaintiff was unfit for the independent practice of dentistry based on their observations of Plaintiff in the clinical setting, Drs. Piskoworski, Snyder, and Burgett had no involvement in the decision to dismiss Plaintiff from the Dental School. Additionally, Plaintiff has presented no evidence from which a reasonable jury could conclude that Drs. Piskoworski, Snyder, and Burgett drafted the letters detailing their concerns with Plaintiff's clinical deficiencies out of ill will or retaliatory reasons unrelated to Plaintiff's clinical performance.  In the absence of such evidence of bias, bearing upon the fairness of the decision-making *process*, the act of writing the letters did not violate Plaintiff's procedural due process rights.[6]  Therefore, Defendants Drs. Piskoworski, Snyder, and Burgett are entitled to judgment as a matter of law on Plaintiff's procedural due process claims because Plaintiff cannot establish that their conduct deprived her of a careful and deliberate decision.

> **3.      Defendant Dr. Lantz is entitled to judgment as a matter of law on Plaintiff's due process claims because Plaintiff cannot establish that Dr. Lantz's alleged bias caused Plaintiff's injury.**

Finally, even assuming that Plaintiff has presented sufficient evidence from which a reasonable jury could conclude that Defendant Dr. Lantz harbored bias or animosity against Plaintiff, Plaintiff cannot establish that Dr. Lantz' alleged bias *caused* her to be dismissed without procedural due process.  As previously discussed, the undisputed evidence reflects that Dr. Lantz was not a voting member of the Academic Review Board II and she was not a member of the Executive Committee; therefore, she could not vote to recommend Plaintiff's dismissal and she had no control over the Executive Committee's ultimate decision.  Furthermore, Plaintiff has

---

[6]      Because this Court dismissed Plaintiff's substantive due process claims, the substance of the opinions expressed in the letters, which rested on the academic judgment of these named Defendants, is irrelevant to the determination of Plaintiff's procedural due process claims.

not presented any evidence that any voting member of the decision-making bodies shared Dr. Lantz's alleged personal, bad-faith motivation to dismiss Plaintiff for retaliatory reasons unrelated to her academic performance.  In fact, the evidence reflects that the Academic Review Board II made its final decision to recommend Plaintiff's dismissal only after Plaintiff was afforded a hearing where she was able to present testimony and documentary evidence to challenge the Board's initial recommendation and to raise concerns about Dr. Lantz's alleged bias.  Plaintiff was also permitted to appeal the Board's decision to the Executive Committee, and to once again testify and present documentary evidence to the Committee, before it made the ultimate decision to dismiss her from the Dental School.  These proceedings, and the votes of the members of the decision-making bodies based on legitimate grounds,[7] constitute a superseding cause breaking the casual chain between any bad-faith motive of Dr. Lantz and the decision to dismiss Plaintiff.  *See, e.g., Taylor v. Brentwood Union Free School Dist.,* 143 F.3d 679, 687 (2d Cir. 1998) (finding that principal could not be held liable for teacher's § 1983 race discrimination claim, because even if principal harbored ill motives in reporting complaints to the district, the actions of the school district, school board, and hearing panel were independent, superseding causes of any injury sustained by teacher); *Jeffries v. Harleston*, 52 F.3d 9, 14 (2d Cir. 1995) (holding that although jury found six board members had voted to limit Jeffries' term as chairman because of his speech, no liability attached because while those members "were instrumental in putting the . . . issue on the Board's agenda, . . . and "may indeed have done so to punish Jeffries, the nine votes based on legitimate grounds constitute a superseding cause

---

[7]   Where administrative matters, such as academic dismissals, are concerned, administrators are "entitled to a presumption of honesty and integrity unless actual bias, such as personal animosity, illegal prejudice, or a personal or financial stake in the outcome can be proven." *Richmond v. Fowlkes*, 228 F.3d 854, 858 (8th Cir. 2000) (quoting *Ikpeazu v. Univ. of Nebraska*, 775 F.2d 250, 254 (8th Cir. 1985) (*per curiam*)).

breaking the causal chain between the tainted motives of [the others] and the decision to limit Jeffries' term").  Therefore, because Plaintiff cannot establish that Dr. Lantz's alleged bias *caused* Plaintiff's injury (her dismissal allegedly without procedural due process), Defendant Dr. Lantz is entitled to judgment as a matter of law on Plaintiff's procedural due process claims.

> **D.** **To Establish the Availability of Money Damages for a Due Process Violation, Plaintiff Must Prove that Defendants Are Subject to Suit for Money Damages Under Either § 1983 or the Michigan Constitution**
>
> **1.** **Defendant University of Michigan is Entitled to Judgment as a Matter of Law on Plaintiff's Claims for Damages And Other Retrospective Relief for Due Process Violations of the U.S. Constitution Because a State Entity and State Officials Acting In Their Official Capacities Are Not "Persons" Subject to Suit Under § 1983**

Defendants Regents of the University of Michigan, and Drs. Lantz, Piskorowski, Snyder, and Burgett, in their *official* capacities,[8] are entitled to judgment as a matter of law on Plaintiff's procedural due process claims for money damages or other retrospective relief brought pursuant to 42 U.S.C. § 1983.  Section 1983 authorizes the imposition of liability against "[e]very person" who, acting under color of state law, violates another's federally protected right.  In *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that state entities and state officials sued in their official capacities are not "persons" subject to suit for money damages or other retrospective relief under § 1983.  Moreover, unlike Eleventh Amendment sovereign immunity, which may be waived by the consent of the state, as it was here, the *Will* "person" defense is not waivable.  *See Arizonans for Official English v. Arizona*, 520 U.S. 43 (1997) (although state waived Eleventh Amendment defense, § 1983 claim for damages could

---

[8]    As previously mentioned, because "an official capacity suit is, in all respects other than name, to be treated as a suit against the entity," *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), entering judgment as a matter of law on Plaintiff's claims against the individual state officials acting in their *official* capacities is simply another way of entering judgment as a matter of law on Plaintiff's claims against the University.

not be asserted against the state because it was not a § 1983 person). It is undisputed that the Regents of the University of Michigan is a state entity, and Drs. Lantz, Piskorowski, Snyder, and Burgett, are state officials. Therefore, because they are not "persons" subject to suit for damages or other retrospective relief under § 1983, Defendant University of Michigan is entitled to judgment as a matter of law on Plaintiff's damages claims brought pursuant to § 1983 for due process violations of the U.S. Constitution.

> **2.      All Defendants are Entitled to Judgment as a Matter of Law on Plaintiff's Claims for Damages for Due Process Violations of the Michigan Constitution Because Michigan Has Not Recognized That Such a Cause of Action Exists**

Additionally, all Defendants are entitled to judgment as a matter of law on Plaintiff's damages claims for due process violations of the Michigan Constitution. Michigan has no general statute that provides a damage remedy for violations of individual rights protected by the Michigan Constitution. *See Smith v. Dep't of Public Health*, 428 Mich. at 644 (J. Boyle, concurring); *Smith v. State of Michigan*, 256 F.Supp.2d 704, 706 (E.D. Mich. 2003). In *Smith v. Dep't of Public Health*, 428 Mich. 540, 410 N.W.2d 749 (1987), however, the Michigan Supreme Court considered whether an implicit right to sue for damages for violation of the state constitution exists. In its memorandum opinion, a majority of the Court alluded to the possibility of allowing such a cause of action, holding that "a claim for damages against the state arising from violation by the state of the Michigan Constitution *may be recognized in appropriate cases*." *Id.* at 544 (emphasis added). The Court, however, did not decide whether and under what circumstances an "appropriate" case may arise for recognizing such a cause of action because a majority could not agree on the analyses employed.

13

To date, no Michigan court has recognized that the Due Process Clause of the Michigan Constitution provides an implicit damages remedy for its violation.[9] This Court should not recognize such a claim in the first instance here. This is not a circumstance "in which a constitutional right can *only* be vindicated by a damage remedy" nor is Plaintiff's procedural due process right to a careful and deliberate dismissal decision such a right that "the right itself calls out for such a remedy." *Jones*, 462 Mich. at 336 (citing with approval Justice Boyle's *Bivens*-based analysis in *Smith*, 428 Mich. at 647 (J. Boyle, concurring) (emphasis added)). The appropriate inquiry is "whether compensatory relief is 'necessary' or 'appropriate' to the vindication of the interest asserted." *Id*. Where Plaintiff cannot challenge the substance of Defendants' decision to dismiss her from the Dental School, but only whether the decision-making process was procedurally deficient, equitable relief—such as a new hearing—and not money damages—would appropriately vindicate her asserted interest in procedural due process. Therefore, this Court should decline to recognize an implicit damages remedy, and should accordingly enter judgment as a matter of law in favor of all Defendants on Plaintiff's damages claims for due process violations of the Michigan Constitution.

---

[9]   *See Lewis v. State of Michigan*, 464 Mich. 781, 787 n.3, 629 N.W.2d 868 (2001) ("We do not address whether a judicially inferred damages remedy is ever appropriate under the Due Process Clause of the Michigan Constitution . . . inasmuch as the present case does not involve such a claim."); *Robinson v. State of Michigan and Dep't of Corrections*, No. 270781, 2006 WL 3207960 (Mich. App. Nov. 7, 2006) (*per curiam*) (attached as Exhibit A) (assuming, without deciding, that a claim for damages may be based on a substantive due process claim brought under Mich. Const., Art. 1, Sec. 17, but finding claim failed for failure to plead a cognizable substantive due process right that was violated by a custom or policy of the state).

**3.**    **Furthermore, Defendants Drs. Lantz, Piskorowski, Snyder, and Burgett are Entitled To Judgment as a Matter of Law on Plaintiff's Claims for Due Process Violations of the Michigan Constitution Because No Implied Damages Remedy Exists Against Individual Government Employees**

Even if this Court were to recognize for the first time that an implicit damage remedy exists for violations of the Due Process Clause of the Michigan Constitution, the Michigan Supreme Court has held that, regardless of the constitutional provision, no implied damages remedy exists against *individual* government employees for violation of a state constitutional right. *Jones v. Powell*, 462 Mich. 329, 335-37, 612 N.W.2d 423 (2000). Therefore, Defendants Lantz, Piskorowski, Snyder, and Burgett are entitled to judgment as a matter of law on Plaintiff's state constitutional claims against them in their individual capacities.

## III.    CONCLUSION

For these reasons, Defendants respectfully request that the Court enter an Order granting Defendants judgment as a matter of law on Plaintiff's due process claims under the United States and Michigan Constitutions.

Respectfully Submitted,

DICKINSON WRIGHT PLLC

By:    s/Allyson A. Miller
      Timothy H. Howlett (P24030)
      Kathryn S. Wood (P55012)
      Allyson A. Miller (P71095)
      Dickinson Wright PLLC
      Counsel for Defendants
      500 Woodward Avenue, Suite 4000
      Detroit, Michigan  48226
      (313) 223-3500
      amiller@dickinsonwright.com

Dated:  November 24, 2008

I hereby certify that on November 24, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

s/Allyson A. Miller (P71095)
DICKINSON WRIGHT PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226
(313) 223-3500
amiller@dickinsonwright.com

DETROIT 14040-24 1066460

16